## Richmond

### COUNTY OF MONTGOMERY v. TOWN OF BLACKSBURG.

January 17, 1972.

Record No. 7627.

Present, All the Justices.

*Robert S. Fitzgerald (William J. McGhee, County Attorney for Montgomery County; Myron C. Smith; Fitzgerald, Smith & Davis, on brief), for appellant.*

*W. H. Jolly (Warren S. Neily, Jr.; John B. Spiers, Jr.; Kime, Jolly, Clemens & Canterbury, on brief), for appellee.*

Per Curiam.

This annexation appeal brings up for consideration the award to the Town of Blacksburg of 15 square miles of territory in Montgomery County. The principal reason we granted the appeal was to review the inclusion in the award of what appeared to be unusually large areas of vacant or agricultural land.

The present Town consists of 2,139 acres with an estimated population of 10,427. Immediately adjacent to and occupying most of its western boundary is the campus of Virginia Polytechnic Institute and State University. The annexation would increase the size of the Town to approximately 11,700 acres and its population to approximately 23,000, including 6,900 resident students at V.P.I.

The evidence shows that a large percentage of the annexation area

is vacant or agricultural land. The County contends that inclusion of this land in the annexation award is violative of Code § 15.1-1042(a), which provides that "no land shall be taken into the [town] which is not adapted to [town] improvements, or which the [town] will not need in the reasonably near future for development," unless necessary to provide "a reasonably compact body of land."

However, the record shows that not all the area awarded is available for development by the Town. The land owned by V.P.I., which includes large areas devoted to agricultural and experimental purposes, represents approximately one-third of the annexation territory and accounts for much of the percentage of vacant land included in the award. The other areas immediately adjacent to the Town are already developed. It was necessary, therefore, to go beyond the built-up areas and beyond the V.P.I. holdings to provide room for the Town to develop.

In addition, the evidence showed, as the trial court noted, that the growth of the Town had been tied in with the growth of V.P.I. and that the University's planned increase in enrollment from the present 12,000 to between 20,000 and 22,000 students would necessitate extension of the Town's boundaries to accommodate its expected future growth. It would not suffice even for the immediate future, the trial court held, merely to add the areas adjoining the present boundaries of the Town.

Further, the record discloses that much of the territory included in the annexation award, exclusive of the V.P.I. holdings, is ready for development. In fact, large portions of the area have been zoned by the County for commercial, residential, and multiple-family housing purposes. The Town has extended its water and sewerage facilities into portions of the territory, but there is a need throughout the area for such services, which the Town is capable of providing.

Thus, there was sufficient basis for the trial court to find that the territory sought was "adapted to [town] improvements" and that the Town would need the territory "in the reasonably near future for development." We hold, therefore, that inclusion of the vacant or agricultural land in the annexation award was not violative of Code § 15.1-1042(a).

We have examined the other errors asigned by the County and find them to be without merit. Accordingly, we affirm the judgment of the trial court but amend the decree to make the annexation effective at midnight on December 31, 1972.

*Affirmed.*